Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4109 | **DATE** | March 1, 2004 |
| **CASE TITLE** | BMW of N.A. et al v. Motor Werks Partners | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss the amended complaint [15-1] is granted. ENTER MEMORANDUM OPINION. Defendant's motion to dismiss [8-1] is denied as moot.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | MAR 03 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office (Reserved for use by the Court) | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
**MAR 0 3 2004**

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and ) | |
| ROLLS-ROYCE MOTOR CARS NA, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                        ) | No. 03 C 4109 |
| ) | |
| MOTOR WERKS PARTNERS, L.P.,                ) | |
| ) | |
| Defendant.                    ) | |

### MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the amended complaint. For the following reasons, the motion is granted.

### BACKGROUND

Plaintiffs, BMW of North America, LLC ("BMW") and Rolls-Royce Motor Cars NA, LLC ("Rolls-Royce"), brought this action against defendant Motor Werks Partners, L.P. ("Motor Werks"), seeking declaratory judgments under the Lanham Act, the Automobile Dealers' Day in Court Act, and state law. BMW, a subsidiary of BMW (US) Holding Corporation, is the sole U.S. distributor of BMW passenger cars, light trucks, motorcycles, and parts. Rolls-Royce is also a subsidiary of BMW (US) Holding Corporation and is the sole U.S. distributor of Rolls-Royce passenger cars. Motor Werks is a motor vehicle dealer located in Barrington, Illinois, that sells, among other things, certain BMW vehicles.

The amended complaint alleges the following facts, which we take as true for purposes of this motion. BMW and Motor Werks are parties to a written "Dealer Agreement" executed in 1993 (the "1993 Agreement"), pursuant to which Motor Werks is authorized to buy from BMW and resell "BMW Products." "BMW Products" are defined as "BMW Vehicles" (which in turn are defined as "new passenger car(s) manufactured by BMW or one of its manufacturing subsidiaries, sold by [BMW] and bearing the trademarks of BMW") and "Original BMW Parts." (Amended Complaint, Ex. 1, 1993 Agreement, Definitions, at 1.) The 1993 Agreement also gives Motor Werks a non-exclusive license to use BMW trademarks under certain conditions.

After the 1993 Agreement was executed, BMW's parent company, BMW AG, acquired a company that owned the rights to the Mini automobile trademarks. There are two Mini models, the Mini Cooper and the Mini Cooper S. BMW has the exclusive right and license to use and control Mini trademarks in the United States.

BMW and Rolls-Royce allege that "Motor Werks has repeatedly claimed--and continues to claim--that the 1993 Agreement . . . grants Motor Werks the right to purchase, sell, and service Mini passenger cars and Rolls-Royce passenger cars simply because [BMW AG] subsequently acquired the company that owned the Mini trademarks in 1994, and because Rolls-Royce Motor Cars Ltd. subsequently acquired the Rolls-Royce trademarks for use in relation to motor cars in 1998--in both cases, after [BMW] and

Motor Werks executed the 1993 Agreement." (Amended Complaint, ¶ 16.) Plaintiffs dispute these alleged claims.

Plaintiffs filed this action on June 16, 2003 and filed an amended complaint on July 25, 2003. The amended complaint seeks the following declaratory judgments: that the 1993 Agreement does not encompass Mini passenger cars (Count I); that the 1993 Agreement does not encompass Rolls-Royce passenger cars (Count II); that any representation by Motor Werks that it is an authorized dealer of Mini or Rolls-Royce passenger cars would constitute unfair competition and false advertising under the Lanham Act (Count III); that Motor Werks would infringe on plaintiffs' trademarks were it to use Mini or Rolls-Royce trademarks as it claims it is entitled to do (Count IV); and that BMW's "establishment of a separate Mini passenger car dealer network does not violate" the Automobile Dealers' Day in Court Act (the "ADDCA"), 15 U.S.C. § 1221 et seq. (Count V).

The amended complaint also contains two counts that pertain to BMW sport utility vehicles, Counts VI and VII. After the parties briefed the instant motion to dismiss, Counts VI and VII were dismissed with prejudice pursuant to plaintiffs' motion. Accordingly, we need not address those portions of the motion and briefs concerning those claims, and we have not set forth the facts alleged in relation to those claims.

Motor Werks moves to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## DISCUSSION

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court accepts as true all well-pled factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. See Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). The court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists. See id.

The Declaratory Judgment Act, 28 U.S.C. § 2201, allows federal courts to render declaratory judgments only when an "actual controversy" exists. See Crown Drug Co. v. Revlon, Inc., 703 F.2d 240, 243 (7th Cir. 1983). "[T]he question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). "'The defendant must have engaged in conduct giving rise to a reasonable apprehension on plaintiff's part that it will face . . . suit or the threat of one if it commences or continues the activity in question.'" Trippe

Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 627 (7th Cir. 1995) (quoting International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210 (7th Cir. 1980)). "The focus of the inquiry must rest on the defendant's statements and conduct . . . ." Trippe, 46 F.3d at 627. Because the crucial date for determining whether a federal court has jurisdiction is the date the complaint was filed, see Arrowhead Industrial Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 734 n. 2 (Fed. Cir. 1988), we must confine our analysis to factual developments occurring before the filing of the complaint.

Motor Werks asserts that plaintiffs had no reasonable apprehension of being sued at the time they filed the complaint. According to Motor Werks, the amended complaint does not allege any conduct on the part of Motor Werks giving rise to a reasonable apprehension by plaintiffs of suit or the threat of suit.

In support of their argument that they did reasonably apprehend suit, plaintiffs rely primarily on Motor Werks's two prior actions in this court against BMW. One of the lawsuits, which was filed in 1999, involved BMW sport utility vehicles ("BMW SUVs") and the issues raised in Counts VI and VII of the instant amended complaint. Those claims have been dismissed with prejudice pursuant to plaintiffs' motion. Therefore, we do not consider the previous BMW SUV litigation relevant to whether there is a

substantial, ripe controversy before us because there are no pending claims regarding BMW SUVs in this action.[1]

The other lawsuit (the "Mini Lawsuit"), which was filed in 2001, did involve the same issues pending before us now—namely, Motor Werks's right to sell Minis. Motor Werks alleged that it was entitled to receive and sell Minis under the 1993 Agreement and sought injunctive relief to that effect. Motor Werks's motion for a temporary restraining order was denied. Its motion for a preliminary injunction was also denied in a detailed written opinion by Judge Kennelly, in which Judge Kennelly indicated that it was "conceivable" that the issue of construction of the 1993 Agreement "ultimately could result in entry of summary judgment against" Motor Werks. Motor Werks Partners, L.P. v. BMW of N. Am., Inc., No. 01 C 7178, 2001 WL 1607503, at *7 (N.D. Ill. Dec. 17, 2001). Not surprisingly, Motor Werks thereafter moved for voluntary dismissal. Judge Kennelly dismissed the suit without prejudice in April 2002.[2]

In addition to the litigation, the only other actions that plaintiffs allege created a reasonable apprehension of suit are Motor Werks's "claims" that the 1993 Agreement permits Motor Werks to sell Mini and Rolls-Royce passenger cars. The amended complaint

---

[1] The parties settled the BMW SUV litigation.

[2] Rolls-Royce was not a party to either lawsuit, although the Mini Lawsuit apparently included claims regarding Motor Werks's right to sell Rolls-Royce passenger cars.

does not specify when (the word "recently" is too vague), in what context, by whom, or to whom these claims were made, although the briefs suggest that these allegations refer to Motor Werks's positions in a proceeding involving the parties that was formerly pending before the Illinois Motor Vehicle Review Board.[3]

All that plaintiffs rely on, then, are Motor Werks's "claims" of its rights under the 1993 Agreement (the nature and circumstances of which are not specified in the amended complaint) and BMW and Motor Werks's history of disputes and litigation.[4] This conduct is simply not enough to have created a reasonable apprehension on plaintiffs' part that they would face suit in relation to any of the matters set forth in the complaint. Plaintiffs have not alleged any threats of suit, either explicit or

---

[3] The proceeding before the Illinois Motor Vehicle Review Board (the "Board") was precipitated by BMW's issuance to Motor Werks of new Dealer Agreements that would revise and replace the 1993 Agreement. Under the Illinois Motor Vehicle Franchise Act, 815 ILCS 710/1 et seq., a dealer can file a written protest with the Board if a manufacturer "intends to change substantially or modify the sales and service obligations or capital requirements of a motor vehicle dealer as a condition to extending or renewing the existing franchise or selling agreement of such motor vehicle dealer." 815 ILCS 710/4(d)(6)(B), (C). Here, Motor Werks filed such a protest with the Board. After BMW withdrew the proposed Dealer Agreements from Motor Werks's consideration, a Hearing Officer recommended that the Board find Motor Werks's protest moot, which the Board did. Consequently, the protest was dismissed.

None of the circumstances of the proceedings before the Board are alleged in the complaint. Even if they were, we do not believe that they would support plaintiffs' contention that they had a reasonable apprehension of facing suit regarding the matters alleged in the amended complaint. The proceedings before the Board dealt with new proposed Dealer Agreements, and not with the terms of the 1993 Agreement, which is the subject of the amended complaint. In fact, plaintiffs state that the proceedings before the Board have "nothing to do" with the instant action.

[4] Unfortunately, the bad blood that has evidently arisen from this history is reflected in the parties' briefs, which are needlessly derisive in tone.

implied, and Motor Werks' alleged "claims" do not suffice.[5] As for the parties' litigation history, only the Mini Lawsuit is relevant to the remaining claims of this action, and we believe that the outcome of the Mini Lawsuit actually diminishes any reasonable apprehension on plaintiffs' part of facing suit in relation to the Mini. We acknowledge that the dismissal of the Mini Lawsuit was without prejudice, but in all likelihood Motor Werks dismissed the suit because Judge Kennelly indicated that Motor Werks was fighting an uphill battle on the merits. The case was dismissed in April 2002, nearly two years ago, and there are no allegations that Motor Werks has threatened in the meantime to file another action regarding the same claims.

In short, plaintiffs have not established that they had a reasonable apprehension of facing suit at the time they filed the complaint. Accordingly, no justiciable controversy is presented in any of the counts of the complaint, and we do not have subject matter jurisdiction. Having decided that we lack subject matter jurisdiction, we cannot rule on the portion of the motion seeking dismissal for failure to state a claim.

## CONCLUSION

Defendant's motion to dismiss the amended complaint is granted for lack of subject matter jurisdiction.

---

[5] There is also no immediate or threatened injury alleged in the amended complaint.

DATE:     March 1, 2004

ENTER:    _____
          John F. Grady, United States District Judge